Joshua L. Weiner, Esq. (JW5875)
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078-0999
(973) 379-4800
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOLORES PAVLAK and THE ESTATE OF DONALD R. PAVLAK,<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF WAYNE;<br><br>Defendant. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

TO:   THE HONORABLE JUDGES OF THE
      UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

Defendant Township of Wayne ("Defendant") by and through its attorneys, Budd Larner, P.C., respectfully states:

1.  Plaintiffs Dolores Pavlak and The Estate of Donald R. Pavlak (collectively "Plaintiffs") commenced the above-captioned action on or about February 21, 2017 by filing a Complaint in the Superior Court of New Jersey, Passaic County entitled <u>Dolores Pavlak, et al. v. Township of Wayne</u>, Docket No. PAS-L-000597-17. Said action is now pending in that Court.

2.  True and correct copies of the Summons and Complaint, which are the only processes, pleadings, or orders served on Defendants, are attached hereto as Exhibit A.

01126189

3. On March 2, 2017, Plaintiff served on Defendant a copy of a Summons and Complaint that had been filed on February 21, 2017. Thus, Defendant's first notice of the existence of any pleading containing a claim for relief asserted by Plaintiffs which could be removed to this Court occurred on March 2, 2017.

4. The above-captioned action is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff alleges violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

5. This Notice of Removal is filed within the time provided by 29 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

6. Upon the filing of this Notice of Removal, Defendant shall give written notice thereof to John J. Segreto, Esq., attorney for Plaintiffs, and Defendant shall file copies of said Notice and Notice of Filing of Removal with the Court Clerk, Superior Court of New Jersey, County of Passaic.

7. By filing this notice, Defendant does not waive any defenses which may be available to it, specifically including, but not limited to, the absence of venue in this Court or in the Court from which this action has been removed.

8. There are no other defendants in this case and so no further consent for removal is needed.

01126189

WHEREFORE, Defendant Township of Wayne removes the above-captioned action now pending against it in the Superior Court of New Jersey, Passaic County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

                                              BUDD LARNER, P.C.

                                              By: _____
                                                    Joshua L. Weiner, Esq. (JW-5875)

Dated: March 24, 2017

A

Attorney (s):     John J. Segreto, Esq. NJ Attorney ID#022611991
Office Address & Tel. No.: 329 Belmont Avenue, Haledon, NJ 07508 (973) 389-1999
Attorney (s) for Plaintiffs

| | |
|---|---|
| DOLORES PAVLAK and THE ESTATE OF DONALD R. PAVLAK<br><br>Plaintiffs<br><br>vs.<br><br>TOWNSHIP OF WAYNE<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>PASSAIC COUNTY<br><br>DOCKET NO. PAS-L-000597-17<br><br>CIVIL ACTION<br><br>SUMMONS |

From the State of New Jersey         **Township of Wayne**
To the Defendant(s) Named Above:     **475 Valley Road**
                                     **Wayne, NJ 07470**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deputy clerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the **Treasurer, State of New Jersey** and a completed Case Information Statement must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and a completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for Local Services Offices and Lawyer Services Offices and Law Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deputy clerklawref.pdf.

Dated: February 28, 2017         _Jennifer M. Perez_, Clerk of the Superior Court

Name of Defendant to be Served:    **Township of Wayne**
Address of Defendant to be Served: **475 Valley Road**
                                   **Wayne, NJ 07470**

John J. Segreto, Esq. NJ Attorney ID#022611991
SEGRETO & SEGRETO, LLP
329 Belmont Avenue
Haledon, NJ 07508
(973) 389-1999
Attorneys for Plaintiff

RECEIVED and FILED
Superior Court of New Jersey
FEB 21 2017
PASSAIC COUNTY

| | |
|---|---|
| DOLORES PAVLAK and THE ESTATE OF DONALD R. PAVLAK<br><br>Plaintiff<br><br>vs.<br><br>TOWNSHIP OF WAYNE<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: PASSAIC COUNTY<br>DOCKET NO. L-000597-17<br><br>Civil Action<br><br>**COMPLAINT** |

The Plaintiff, Dolores Pavlak and the Estate of Donald R. Pavlak residing at 16 Sterling Lane, in the Township of Wayne, County of Passaic and State of New Jersey by way of Complaint against the Defendant state:

### FIRST COUNT

1. Donald R. Pavlak, now deceased, was employed by the Defendant, Township of Wayne from February 15, 1958 to his retirement on September 1, 1999.

2. At the time of his retirement he was the Chief of Police having served in the Police Department for more than 40 years.

3. At the time of Donald R. Pavlak's retirement, the positions of Chief of Police and Deputy Chief of Police were not covered under a Collective Bargaining Agreement and as such

Chiefs and Deputy Chiefs were required to negotiate their own retirement benefits with the Defendant, Township of Wayne.

4. The Plaintiff, Dolores Pavlak is the surviving spouse of the late Donald R. Pavlak.

5. In November and December of 1998 Donald R. Pavlak negotiated his retirement benefits with the Defendant, Township of Wayne. It was the parties' intent and agreement that Donald R. Pavlak and Plaintiff Dolores Pavlak, his spouse, not pay any health costs during their retirement including the cost of health insurance premiums.

6. On December 16, 1998 the Defendant adopted Resolution No. 344 authorizing retirement benefits for the late Donald R. Pavlak.

7. Resolution No. 344 provided that "in consideration of his 40 years, 10 months of dedicated public service, Chief Donald R. Pavlak shall receive the following benefits upon retirement:

> "Insurance benefits as provided to retired Wayne police officers under Article X of the current Collective Bargaining Agreement between the Township of Wayne and the Wayne Policemen's Benevolent Association, Local 136, which includes the following to be paid by the Township: term life insurance in the amount of $5,000 for the employee; medical and hospital insurance; major medical coverage; laboratory testing and x-rays and prescription drug plan for employee and spouse. Dental insurance premiums for employee and spouse shall be paid by the employee to the Township at the current group rate."

8. At the time of his retirement, Donald R. Pavlak was 65 years of age. Pursuant to the direction of the Defendant Township of Wayne, he enrolled in Medicare which became his primary health insurance and Defendant's health plan became secondary/supplemental coverage.

9. From his retirement to his death on July 18, 2014, the Defendant, Township of Wayne reimbursed Donald R. Pavlak for all deductibles and co-payments he made, prescription

2

drug expenses incurred and his Medicare Part D premiums. The Defendant, however, refused to reimburse Donald R. Pavlak for the amounts he paid for his Medicare Part B premiums.

10. From the time of Donald R. Pavlak's retirement until Plaintiff Dolores Pavlak turned 65 on November 21, 2002, the Defendant Township of Wayne complied with the parties' agreement and the provisions of Resolution No. 344 by paying all health costs and premiums for the Plaintiff Dolores Pavlak's health insurance coverage.

11. Since the Plaintiff, Dolores Pavlak has been enrolled in Medicare, the Defendant Township of Wayne, has been reimbursing her for and deductibles and co-payments she has made, prescription drug expenses incurred and her Medicare Part D premiums. The Defendant, however, has refused to reimburse the Plaintiff, Dolores Pavlak for the amounts she pays for her Medicare Part B premiums.

12. The Defendant, Township of Wayne's obligation to pay for the Plaintiffs' medical and hospital insurance is set forth in Resolution 344. That obligation encompasses the obligation to pay for Plaintiffs' Medicare Part B premiums since Medicare Part B provides coverage for medically necessary services which are services and supplies that are needed to diagnose and treat medical conditions as well as coverage for preventive services which is health care to prevent illnesses and detect illnesses at early stages.

13. The Plaintiff Dolores Pavlak and her husband Donald R. Pavlak each year, since they were enrolled in Medicare, have demanded reimbursement of the Medicare Part B premiums from the Defendant Township of Wayne pursuant to the parties' agreement and Resolution No. 344 and the Defendant has refused by advising the Plaintiffs that the Defendant does not reimburse Medicare Part B premiums.

14. From his retirement to his death, Donald R. Pavlak incurred Medicare Part B premiums in the amount of $19,987.80.

15. To date the Plaintiff, Dolores Pavlak has incurred Medicare Part B premiums in the amount of $14,198.80, and she is currently paying a Medicare Part B premium of $267.90 monthly.

16. The Plaintiffs have demanded that the Defendant, Township of Wayne reimburse them for the Medicare Part B premiums and Defendant has refused stating that it has never reimbursed retirees for Part B premiums.

17. The right to be reimbursed for the said premiums is compensation earned by Donald R. Pavlak during his 40 years of service to the Defendant.

18. The parties' agreement and Resolution No. 344 require the Defendant to provide the Plaintiffs with full health insurance coverage which includes Medicare Part B coverage and the obligation to reimburse the Plaintiffs for the Medicare Part B premiums that they pay.

19. The applicable health care plan in effect at Donald R. Pavlak's retirement defined Medicare Part A as being "Hospital Insurance" and Medicare Part B as being "Medical Insurance" both of which are to be paid for by the Defendant, Township of Wayne as set forth in Resolution 344 and pursuant to the parties' agreement.

20. The actions of Defendant in refusing to reimburse the Plaintiffs for their Medicare Part B premiums are wrongful and unlawful and contrary to the Defendant's obligations pursuant to the parties' agreement and Resolution No. 344.

WHEREFORE, the Plaintiffs demand Judgment against the Defendant, Township of Wayne compelling the Defendant to reimburse the Plaintiffs for all premiums incurred for Medicare Part B coverage to date and compelling the Defendant to reimburse the Plaintiffs

4

hereinafter together with compensatory damages, attorney's fees, costs, prejudgment interest and such other relief as the Court deems just and equitable.

## SECOND COUNT

21. The Plaintiffs repeat each of the allegations of the First Count of the Complaint as if more fully set forth herein.

22. The parties' agreement and the adoption of Resolution No. 344 by the Defendant, Township of Wayne's Council constitutes a contract between Donald R. Pavlak and the Defendant, Township of Wayne.

23. The actions of the Defendant, Township of Wayne by refusing to reimburse the Plaintiffs the Medicare Part B premiums represents a breach of that contract.

WHEREFORE, the Plaintiffs demand Judgment against the Defendant, Township of Wayne compelling the Defendant to reimburse the Plaintiffs for all premiums incurred for Medicare Part B coverage to date and compelling the Defendant to reimburse the Plaintiffs hereinafter together with compensatory damages, attorney's fees, costs, prejudgment interest and such other relief as the Court deems just and equitable.

## THIRD COUNT

24. The Plaintiffs repeat each of the allegations of the First and Second Counts of the Complaint as if more fully set forth herein.

25. The actions of the Defendant in refusing to reimburse the Plaintiffs the Medicare Part B premiums represents unlawful discrimination on the basis of age in violation of the New Jersey Law Against Discrimination, **N.J.S.A.** 10:5-12(a) (LAD) and the Federal Age Discrimination in Employment Act, 29 U.S.C. § 623(a) (1) (ADEA).

26. The actions of the Defendant, Township of Wayne paying all of the health insurance premiums and health costs for the Plaintiffs while they were under the age of 65 and requiring Plaintiffs to pay Medicare Part B premiums at age 65 and older is discriminatory and in violation of LAD and the ADEA.

27. As a result of the Defendant's actions, the Plaintiffs have been damaged.

WHEREFORE, the Plaintiffs demand Judgment against the Defendant, Township of Wayne for compensatory damages pursuant to LAD and the ADEA together with attorney's fees, costs, prejudgment interest and such other relief as the Court deems just and equitable.

## FOURTH COUNT

28. The Plaintiffs repeat each of the allegations of the First, Second and Third Counts of the Complaint as if more fully set forth herein.

29. The parties' agreement and adoption of Resolution No. 344 by the Defendant, Township of Wayne established covenants to act in good faith and to deal fairly.

30. In refusing to reimburse the Plaintiffs for the Medicare Part B premiums, refusing to review the parties' agreement and Resolution No. 344 and refusing to discuss the matter with the Plaintiffs by simply stating that the Defendant, Township of Wayne has never reimbursed Medicare Part B premiums, the Defendant, Township of Wayne has breached the covenants to act in good faith and to deal fairly.

31. As a direct result of the Defendant's action as set forth herein, the Plaintiffs were damaged and were forced to hire Counsel and incur attorneys' fees and costs to compel the Defendant, Township of Wayne to comply with the parties' agreement and Resolution No. 344.

WHEREFORE, the Plaintiffs demand Judgment against the Defendant, Township of Wayne compelling the Defendant to reimburse the Plaintiffs for all premiums incurred for Medicare Part B coverage to date and compelling the Defendant to reimburse the Plaintiffs hereinafter together with compensatory damages, attorney's fees, costs, prejudgment interest and such other relief as the Court deems just and equitable.

SEGRETO & SEGRETO, LLP
Attorneys for Plaintiffs

Dated: February 17, 2017         By:_____
                                    JOHN J. SEGRETO

### DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:5-1(C)

John J. Segreto, Esq. is hereby designated as trial counsel.

### CERTIFICATION

John J. Segreto, certifies as follows:

1. I hereby certify that there is no other action pending in any other court or any pending arbitration proceedings. A similar suit entitled, **Suhaka v. Township of Wayne**, is being filed simultaneously with this matter.

2. I further certify that there are no other parties known at this time who should be joined in this action.

3. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: February 17, 2017

_____
JOHN J. SEGRETO